UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PRISON LEGAL NEWS, a project of the HUMAN RIGHTS DEFENSE CENTER,<br><br>PLAINTIFF<br><br>v.<br><br>BOB HOLDER, Comal County Sheriff, in his individual and official capacity, and COMAL COUNTY,<br><br>DEFENDANTS | § § § § § § § § § § § § | CIVIL ACTION NO. 5:13-cv-591<br><br><br><br>JURY DEMAND |

## COMPLAINT

This lawsuit involves a challenge to Comal County's policies and practices, which unlawfully censor and exclude magazines and periodicals protected by the U.S. Constitution. Plaintiff Prison Legal News, a publisher project of the Human Rights Defense Center (HRDC) publishes and distributes literature including a monthly magazine, *Prison Legal News*, which is protected by the First Amendment.

PLN also challenges Comal County's policies and practices, which violate PLN's due process rights by failing to provide adequate notice and opportunity to be heard to review decisions censoring and excluding magazines.

The law on these two issues is well-established. Comal County acts in an arbitrary and unreasonable manner in contravention of over thirty years of well-settled case law.

### Statement of Claims

1. Prison Legal News (PLN) brings this civil rights action for redress of violations of its rights to free speech and expression and due process under the law, seeking injunctive and declaratory relief, as well as nominal, compensatory, presumed and punitive damages, and attorneys' fees and costs.

2. At all relevant times, Defendants acted under color of law and in the course and scope of their employment. Defendants violate PLN's constitutional rights protected by the First and Fourteenth Amendments to the U.S. Constitution. Defendants' actions caused and continue to cause injuries to PLN, as described below.

## Jurisdiction and Venue

3. This action is brought pursuant to 42 U.S.C. §1983 and 1988. Jurisdiction is based on 28 U.S.C. §§1331, 1343(a)(3) and (4), and the aforementioned federal statutory and constitutional provisions.

4. Venue is proper in this Court under 20 U.S.C. §1391(b)(1) and (2) as the events complained of occurred within the Western District of Texas.

## Parties

5. Plaintiff PLN is a wholly owned project of HRDC, a Washington State non-profit, tax-exempt organization based in Florida that publishes *Prison Legal News*, a monthly magazine distributed across the nation to prisoners, attorneys, judges, law libraries, and other subscribers. PLN is also a book distributor, specializing in books and self-help materials regarding prisoners' rights and issues related to the criminal justice and corrections systems. HRDC's mission is centered on public education, prisoner education, advocacy, and outreach in support of prisoners' rights and in furtherance of basic human rights.

6. Defendant Bob Holder is the elected Sheriff of Comal County. He has overall responsibility for the policies, procedures, operation, and supervision of the Comal County Sheriff's Office, its employees, agents and assigns, including all correctional facilities under the control of his office, including the Comal County Jail. Defendant Holder is the final policymaker for the Comal County Jail Sheriff's Office and the Comal County Jail. He is sued in his official and individual capacities. He is a resident of the Western District of Texas.

7. Defendant Comal County is a political subdivision of Texas. The County funds and operates the jail, employs and compensates the jail staff, and is charged with ensuring that, at all times, the jail remains in compliance with federal and state law. Comal County can be served through its county judge, Judge Sherman Krause, 100 Main Plaza, New Braunfels, Texas 78130.

## Statement of Facts

8. Plaintiff publishes and distributes a 64-page legal information magazine entitled *Prison Legal News* (PLN). Each monthly issue of *Prison Legal News* provides updates about court decisions, as well as information about important legal issues such as access to courts and counsel, disciplinary hearings, prison conditions, excessive force, mail censorship, jail litigation, visitation, access to telephones, religious freedom, prison rape, and the death penalty, among other related topics. *Prison Legal News* has been published continuously since 1990. The publication is core-protected speech, which is not objectionable on security or other grounds.

9. *Prison Legal News* has approximately 7,000 subscribers nationwide, including prisoners, attorneys, judges, public libraries, and members of the general public. PLN distributes its publication to prisoners and law libraries in approximately 2,200 correctional facilities across the United States.

10. PLN also distributes approximately fifty (50) legal and self-help books about the criminal justice system that are primarily published by others. These books are designed to foster a better understanding of criminal justice policies and issues and to allow prisoners to educate themselves about basic related issues.

11. For example, PLN distributes the paperback book *Protecting Your Health and Safety: Prisoners' Rights* (hereafter *Protecting Your Health and Safety*) published by the Southern Poverty Law Center (SPLC) in Montgomery, Alabama. PLN distributes *Protecting Your Health and Safety* and sells it on PLN's website as part of an agreement with SPLC. The

3

book gives inmates information about their right to medical care, protections against inhumane treatment and other information about their federal constitutional rights.

12. Beginning in October 2011 and continuing to the present, PLN sent individually addressed copies of *Prison Legal News*, postage pre-paid, via U.S. mail, to prisoners at the Comal County jail.

13. PLN also sent copies of *Protecting Your Health and Safety* to prisoners in the jail.

14. Sheriff Holder has adopted a policy and practice, implemented by and through Comal County Sheriff's Office and County Jail employees and staff, which impermissibly infringes on PLN's right to distribute its books and magazines to prisoners confined in Comal County Jail. Sheriff Holder is in charge of the policies of Comal County Jail, and has oversight of the drafting and implementation of all policies. He also supervises all jailors responsible for implementation of the jail policies.

15. Sheriff Holder's policy for mail is entitled "Comal County Sheriff's Office Corrections Division Inmate Mail Rejection-Return to Sender Notification." It provides inmate mail will be returned to sender if any listed prohibited/unauthorized contraband is found.

16. The policy plainly states "No books from the publisher or bookstore will be allowed through the mail."

17. Moreover, the policy adds that, "Newspapers will be allowed through the mail directly from the publisher with the exception of sexual explicit, tattoo, gang related, TV guide or any other magazine not appropriate." But the definition of "Newspaper" is very narrow. Prisoners are only allowed to read three papers: the San Antonio *Express-News*, Austin *American-Statesman*, and *USA Today*. Further, inmates are allowed only one newspaper at a time, and it must be the most current issue. In short, prisoners can only have one newspaper at a time – today's issue of the *Express-News*, *American-Statesman* or *USA Today*.

18. The Comal County Inmate Rule Book is a separate document, which governs policies for correspondence more generally. The policy states: "Newspaper or magazine articles, emails, and other items of this nature will not be permitted to come into or leave the facility through the mail."

19. In the section of the Rule Book entitled "Property" the policy states that "Permissible Items" include, "[t]hree (3) reading materials. Reading materials consist of religious materials, newspaper, or books from the jail library. You will be allowed one of each type. You will only be permitted one (1) book from the Jail library cart, one (1) newspaper, and one (1) religious book." No other books are allowed.

20. Moreover, when Comal County censors a book or magazine, the policy does not provide for any notice to the sender of the book that it was censored; nor does it provide any explanation for the censorship. The sender does not receive notice, or an opportunity to appeal.

21. PLN has sent copies of *Prison Legal News*, *Protecting Your Health and Safety*, flyers, and legal letters to individual prisoners at the Comal County Jail. Beginning on or around November 2011, PLN began receiving returned copies of the publications from the jail.

22. Comal County and Sheriff Holden provided no legitimate reason for excluding each censored copy of PLN's publications.

23. Beginning in October 2011, PLN began sending copies of *Protecting Your Health and Safety* to inmates at the jail. The books were returned to PLN stamped as either "Unauthorized Mail," "Refused" and/or "Return To Sender."

24. Since October 2011 to the present, PLN has tried to send copies of *Prison Legal News* to inmates at the jail.

5

25. Prisoners also did not receive routine mail sent by PLN – such as renewal notices for *Prison Legal News*. This mail was returned to PLN without Comal County and Sheriff Holder giving any reason.

26. In fact, prisoners wrote back to PLN, complaining they never received the books and magazines sent to them.

27. On information and belief, Comal County and Sheriff Holder are not making individualized determinations about the content of each publication before censoring and excluding the material, in violation of clearly established First Amendment law.

28. Defendants' censorship and exclusion of *Prison Legal News* is arbitrary and void of any constitutionally valid standards or criteria.

29. The contents of *Prison Legal News* are protected speech and expression. These publications have been unlawfully censored and excluded by Comal County and Sheriff Holder.

30. Comal County's official, written policy violates PLN's free speech and due process rights by expressly prohibiting *Prison Legal News*, and failing to provide PLN notice and opportunity to contest the censorship. Sheriff Holder authored and ratified this policy.

31. Defendants' policy and practice fails to provide plaintiff with any alternative means of exercising its free speech rights to distribute its publications and exchange information with its readership, customers, and supporters. Accommodation of PLN's free speech, free expression, and due process rights will not have any significant impact on the operation or security of the jail.

32. Comal County and Sheriff Holder knew, or must have known, that these policies and practices were unconstitutional and violated PLN's rights to free speech, expression, and due process.

33. Comal County and Sheriff Holder's actions willfully, wantonly, and maliciously violated PLN's constitutional rights.

34. Due to the Comal County and Sheriff Holder's actions, PLN suffered damages, including violation of its constitutional rights, such as the right to disseminate its message, loss of potential subscribers, customers, correspondents and supporters, diversion of resources, loss of reputation, frustration of mission and other damages to be shown at trial.

35. Due to Comal County and Sheriff Holder's actions, PLN has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law.

## CAUSE OF ACTION I

### Freedom of Speech and Expression

36. Comal County and Sheriff Holder's policy and practice of arbitrary and unlawful exclusion of *Prison Legal News* violates PLN's free speech and expression rights secured by the First and Fourteenth Amendments to the U.S. Constitution.

37. PLN has a constitutionally protected liberty interest in communicating with incarcerated individuals, a right clearly established under decades of well-settled case law.

38. Comal County and Sheriff Holder's implementation of their policy permits the censorship and exclusion of reading material unrelated to any legitimate penological interest, without any individualized determination based on content, in violation of the First and Fourteenth Amendments to the U.S. Constitution.

39. Comal County and Sheriff Holder's mail policies and practices are overbroad and do not further any legitimate penological interest.

## CAUSE OF ACTION II

### Due Process of Law

40. Comal County and Sheriff Holder's policy and practice regarding censorship and exclusion of publications protected by the First and Fourteenth Amendments fail to provide adequate notice and an opportunity to be heard, in violation of the Due Process Clause of the Fourteenth Amendment.

41. PLN has a right under the Fourteenth Amendment to receive notice and the opportunity to object when Comal County and Sheriff Holder prevent its books from reaching prisoners. This right is clearly established under decades of well-settled case law.

### Damages

42. PLN seeks compensatory, punitive, presumed and nominal damages for violations of its constitutional free speech and due process rights under the First and Fourteenth Amendments; injuries to its business reputation; and loss of revenue.

### Declaratory Relief

43. PLN requests all appropriate declaratory relief to which it is entitled.

### Injunctive Relief

44. PLN requests the Court grant appropriate relief permanently enjoining Comal County and Sheriff Holder from continuing to violate its free speech and due process rights. PLN seeks permanent injunctive relief requiring Comal County and Sheriff Holder to provide written notice to senders and an opportunity to appeal to an official other than the one who made the initial censorship decision before censoring their publications, and requiring the adoption of specific guidelines delineating what materials may be delivered to prisoners though the mail, as well as any other appropriate injunctive relief.

### Attorneys' Fees and Costs

45. Pursuant to 42 U.S.C. §1988, PLN is entitled to recover attorneys' fees and costs.

### Prayer for Relief

THEFORE, Plaintiffs request that the Court:

1. Declare that PLN's rights were violated by Comal County and Sheriff Holder and Defendants' policies and practices are unconstitutional;

2. Grant a preliminary injunction and a permanent injunction preventing Comal County and Sheriff Holder from continuing to violate PLN's rights now and in the future;

3. Award nominal, compensatory, and punitive damages against Comal County and Sheriff Holder;

4. Grant reasonable attorneys' fees, litigation expenses, and court costs pursuant to 42 U.S.C. §1988; and,

5. Grant all other and further relief as appears reasonable and just, to which Plaintiffs may be entitled.

Dated July 3, 2013.

                                                  Respectfully Submitted:

                                                  /s/ Scott Medlock
                                                  Scott Medlock
                                                  Texas Bar No. 24044783
                                                  James C. Harrington
                                                  Texas Bar. No. 09048500

                                                  TEXAS CIVIL RIGHTS PROJECT
                                                  1405 Montopolis Dr.
                                                  Austin, TX 78741
                                                  (512) 474-5073
                                                  (512) 474-0726 (Fax)

                                                  ATTORNEYS FOR PLAINTIFF