## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PRISON LEGAL NEWS, a project of the HUMAN RIGHTS DEFENSE CENTER, Plaintiff, | § § § § § § § § § § § | |
| v. | | CIVIL NO. 5-13-CV-00591-XR |
| BOB HOLDER, Comal County Sheriff, in his individual and official capacities; and COMAL COUNTY, Defendants. | | |

## DEFENDANTS' ORIGINAL ANSWER

TO THE HONORABLE UNITED STATES DISTRICT JUDGE XAVIER RODRIGUEZ:

NOW COME Bob Holder, Comal County Sheriff, in his individual and official capacities, and Comal County (collectively "Defendants"), Defendants in the above-entitled and numbered cause and file this Original Answer to Plaintiff's Complaint (hereinafter the "Complaint") and, in support thereof, would respectfully show the Court the following:

### I.
### ANSWER TO COMPLAINT

1. Defendants are without knowledge to admit or deny the factual allegations in paragraph 1 of Plaintiff's Original Complaint.

2. Defendants deny the allegations in paragraph 2 of Plaintiff's Original Complaint.

3. Paragraph 3 of Plaintiff's Original Complaint contains only legal conclusions to which no response is required. By way of further response, Defendants admit that this court has subject matter jurisdiction over the instant case based upon the statutes under which Plaintiff is bringing suit, but Defendants deny they are liable to Plaintiff under any of the statutes upon which Plaintiff has brought suit.

4. Defendants admit that venue is proper in the United States District Court for Western District of Texas as alleged in paragraph 4 of Plaintiff's Original Complaint.

5. Defendants admit that Plaintiff produces a publication titled *Prison Legal News*, but Defendants are without knowledge to admit or deny the remaining factual allegations in paragraph 5 of Plaintiff's Original Complaint.

6. Defendants admit the factual allegations contained in paragraph 6 of Plaintiff's Original Complaint. Paragraph 6 of Plaintiff's Original Complaint also contains legal conclusions to which no response is required and, to the extent that a response is required, Defendants deny that are liable to Plaintiff on any basis.

7. Defendants admit the factual allegations contained in paragraph 7 of Plaintiff's Original Complaint. Paragraph 7 of Plaintiff's Original Complaint also contains legal conclusions to which no response is required and, to the extent that a response is required, Defendants deny that are liable to Plaintiff on any basis.

8. Defendants admit that Plaintiff produces a publication titled *Prison Legal News* which, in part, has information in it related to various matters connected to the justice system, but Defendants are without knowledge to admit or deny the remaining factual allegations in paragraph 8 of Plaintiff's Original Complaint.

9. Defendants are without knowledge to admit or deny the factual allegations in paragraph 9 of Plaintiff's Original Complaint.

10. Defendants are without knowledge to admit or deny the factual allegations in paragraph 10 of Plaintiff's Original Complaint.

11. Defendants admit that Plaintiff produces and/or distributes publications related to the justice system, but Defendants are without knowledge to admit or deny the remaining factual allegations in paragraph 11 of Plaintiff's Original Complaint.

12. In response to Paragraph 12 of Plaintiff's Original Complaint, Defendants admit that Plaintiff has sent some of its publications to inmates in the Comal County Jail.

13. In response to Paragraph 13 of Plaintiff's Original Complaint, Defendants admit that Plaintiff has sent some of its publications to inmates in the Comal County Jail.

14. In response to paragraph 14 of Plaintiff's Original Complaint, Defendants admit that Sheriff Holder has prohibited the distribution of Plaintiff's publications to inmates in the Comal County Jail, but Defendants deny that Sheriff Holder has infringed on Plaintiff's rights. The remainder of paragraph 14 of Plaintiff's Original Complaint contains only legal conclusions to which no response is required.

15. In response to paragraph 15 of Plaintiff's Original Complaint, Defendants admit that Sheriff Holder has prohibited the distribution of Plaintiff's publications to inmates in the Comal County Jail, and that Plaintiff has accurately quoted the policy, but Defendants deny that Sheriff Holder has infringed on Plaintiff's rights.

16. In response to paragraph 16 of Plaintiff's Original Complaint, Defendants admit that Sheriff Holder has prohibited the distribution of Plaintiff's publications to inmates in the Comal County Jail, and that Plaintiff has accurately quoted the policy, but Defendants deny that Sheriff Holder has infringed on Plaintiff's rights.

17. In response to paragraph 17 of Plaintiff's Original Complaint, Defendants admit that Sheriff Holder has prohibited the distribution of Plaintiff's publications to inmates in the Comal County Jail, and that Plaintiff has accurately quoted the policy, but Defendants deny that Sheriff Holder has infringed on Plaintiff's rights.

18. Defendants admit the allegations in paragraph 18 of Plaintiff's Original Complaint.

19. Defendants admit the allegations in paragraph 19 of Plaintiff's Original Complaint.

20. Defendants deny the allegations in paragraph 20 of Plaintiff's Original Complaint as they are related to Plaintiff because Plaintiff has been aware for some time that its materials have not and are not being delivered, and Plaintiff has directly appealed to Sheriff Holder to allow its materials into the Comal County Jail.

21. Defendants admit the allegations in paragraph 21 of Plaintiff's Original Complaint.

22. Defendants deny the allegations in paragraph 22 of Plaintiff's Original Complaint.

23. In response to paragraph 23 of Plaintiff's Original Complaint, Defendants admit that Plaintiff's publications have not been delivered to inmates in the Comal County Jail and that those materials were returned to Plaintiff.

24. In response to paragraph 24 of Plaintiff's Original Complaint, Defendants admit Plaintiff has been sending material to inmates in the Comal County Jail for some period of time.

25. In response to paragraph 25 of Plaintiff's Original Complaint, Defendants admit that Plaintiff's publications are not delivered to inmates in the Comal County Jail, that Sheriff Holder has had conversations with Plaintiff and that Plaintiff has been aware for some time that its materials are not being delivered, but deny that Sheriff Holder has violated Plaintiff's rights in any way.

26. Defendants are without knowledge or information to admit or deny the allegations in paragraph 26 of Plaintiff's Original Complaint.

27. Defendants admit that Sheriff Holder applies the applicable policies to all publications received, but deny that the application of those policies infringe on Plaintiff's or any other person or entity's First Amendment or other rights.

28. Defendants deny the allegations contained in paragraph 28 of Plaintiff's Original Complaint.

29. Defendants deny the allegations contained in paragraph 29 of Plaintiff's Original Complaint.

30. Defendants deny the allegations contained in paragraph 30 of Plaintiff's Original Complaint.

31. Defendants deny the allegations contained in paragraph 31 of Plaintiff's Original Complaint.

32. Defendants deny the allegations contained in paragraph 32 of Plaintiff's Original Complaint.

33. Defendants deny the allegations contained in paragraph 33 of Plaintiff's Original Complaint.

34. Defendants deny the allegations contained in paragraph 34 of Plaintiff's Original Complaint.

35. Defendants deny the allegations contained in paragraph 35 of Plaintiff's Original Complaint.

36. Defendants deny the allegations contained in paragraph 36 of Plaintiff's Original Complaint.

37. In response to paragraph 37 of Plaintiff's Original Complaint, Defendants admit that Plaintiff does have certain rights, but deny that they are violating those rights in any way.

38. Defendants deny the allegations contained in paragraph 38 of Plaintiff's Original Complaint.

39. Defendants deny the allegations contained in paragraph 39 of Plaintiff's Original Complaint.

40. Defendants deny the allegations contained in paragraph 40 of Plaintiff's Original Complaint.

41. Defendants deny the allegations contained in paragraph 41 of Plaintiff's Original Complaint.

42. Defendants deny Plaintiff is entitled to any relief as alleged in paragraph 42 of Plaintiff's Original Complaint.

43. Paragraph 43 of Plaintiff's Original Complaint is so vague as to preclude Defendants from responding; however, Defendants deny that Plaintiff is entitled to any relief.

44. In response to paragraph 44 of Plaintiff's Original Complaint, Defendants deny that Plaintiff is entitled to have injunctive or declaratory relief.

45. In response to paragraph 45 of Plaintiff's Original Complaint, Defendants deny that Plaintiff is entitled to recover its attorney's fees in this action.

## II.
## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim for which relief can be granted.

2. By way of an affirmative defense, Defendants plead that Plaintiff's claims against Sheriff Bob Holder are barred by qualified immunity. The actions of which Plaintiff complains were taken by Sheriff Holder acting in good faith in the discharge of Sheriff Holder's duties and responsibilities assigned to him by the Constitution of the United States and the Constitution of Texas.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that this Court dismiss this action, and for any and all necessary and proper relief to which Defendants may show themselves justly entitled.

Respectfully submitted,

**SEDGWICK, L.L.P.**
919 Congress Avenue, Suite 1250
Austin, Texas 78701
512/481-8400 (telephone)
512/481-8444 (telecopier)

By: /s/ Michael Shaunessy
    MICHAEL SHAUNESSY
    State Bar No. 18134550
    ERIC JOHNSTON
    State Bar No. 24070009

**Attorneys for Defendants Bob Holder, Comal County Sheriff, in his individual and official capacities, and Comal County**

# CERTIFICATE OF SERVICE

I hereby certify that, on the 20th day of August, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and sent a copy, via certified mail, return receipt requested, to the following:

Mr. Scott Medlock
Mr. James C. Harrington
TEXAS CIVIL RIGHTS PROJECT
1405 Montopolis Drive
Austin, Texas 78741
**Attorneys for Plaintiff, Prison Legal News, a project of the Human Rights Defense Center**

/s/Michael Shaunessy
Michael Shaunessy
Eric Johnston